IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                         :

LATIN AMERICAN ROLLER CO.                      :        Case No. 07-06101 (ESL)
                                               :        Chapter 11
        Debtor                                 :
                                               :
_____              :

LATIN AMERICAN ROLLER CO.                      :        Adv. Proc. No. 08-0007
                                               :
        Plaintiff                              :
                                               :
vs.                                            :
                                               :
COOPERATIVA DE SEGUROS MULTIPLES               :
DE PUERTO RICO                                 :
                                               :
        Defendant                              :
_____              :

## OPINION AND ORDER

Latin American Roller Co. (the "Debtor") filed a Chapter 11 petition on October 18, 2007, Case No. 07-06101, and subsequently filed the instant complaint against Cooperativa de Seguros Multiples de Puerto Rico ("Cooperativa") on January 18, 2008. An amended complaint was filed on March 28, 2008. At the status conference held on August 1, 2008 the parties were directed to brief if the claims for relief in the amended complaint were core or non core matters. After considering the legal memoranda filed by the parties the court concludes that the causes of action in the amended complaint are non-core but otherwise related to the above captioned bankruptcy case.

## Background

The Debtor operates a cardboard tubes manufacturing plant in Rio Grande, P.R.. The Debtor had a commercial property and casualty insurance policy to protect against property damage and business losses provided by Cooperativa; policy No. CPP-0506039-6/000 (the

"Policy"). The Policy was in effect from May 30, 2006 to May 30, 2007.

On or about October 19, 2006, a fire broke out in the Debtor's business premises, damaging several parts of the business, including manufacturing and office equipment, and supplies.[1] The Debtor filed claims for reimbursement for damage to offices supplies and raw materials. Cooperativa reimbursed these claims. The Debtor also filed a claim for the repair and cleanup work done to the facility. Cooperativa partially reimbursed this claim. The amended complaint centers around Cooperativa's alleged failure and/or refusal to reimburse the Debtor for losses to the manufacturing plant and equipment, and for $13,485 in cleanup work expenses. The Debtor submitted an expert report regarding the nature and scope of the damage to the manufacturing plant and equipment, and claims to have complied with the policy's claim filing requirements. Pursuant to the terms of the policy, the Debtor is entitled to reimbursement for the "replacement value" (i.e., today's value without reference to original cost or depreciation) for property that was damaged "beyond repair" (or total loss). Property is considered damaged beyond repair if the cost of fixing it is more than the replacement value. The Debtor claims that the content of its expert's damage report satisfies the criteria for coverage under the policy. Consequently, the Debtor raises the following three claims for relief in the amended complaint:

1) for the turnover of $254,691 in various types of damage/loss claims resulting from coverage under the policy, matured and payable on demand, plus $12,000 a month in continuing damages for loss of income until the new equipment is installed and for six additional months for the stabilization of the business, pursuant to 11 U.S.C. § 542(b);

---

[1] On page 3 of the amended complaint (Dkt. 6), the Debtor mistakenly states that the fire occurred on October 19, 2007, that is, one day after the petition date of October 18, 2007. However, as per other documents filed, both parties agree that the fire broke out on October 19, 2006, one year before the petition date. (See, Dkt. 6 Main Document at 9, ¶ 37; Dkt. 6, Exhibit, page 9, Fire Report dated October 19, 2006; Dkt 26 at 2, ¶ 4; 31 at 2, ¶ 10).

- 2 -

2) for breach of insurance contract (P.R.Civ.Code articles 1041-1062, 32 LPRA §§ 2991-3026), the sum of $254,691 plus legal interest and $12,000 a month in continuing damages for loss of income until the new equipment is installed and for six additional months for the stabilization of the business;

3) for extra-contractual damages (P.R.Civ.Code article 1082, 32 LPRA § 5141), the sum of $1,098,941, plus legal interest and $12,000 a month until the new equipment is installed and for six additional months for the stabilization of the business, plus $1,000,000 in "punitive damages".

The Debtor alleges that the first two claims for relief are core matters. The first, because it is brought under section 542 of the Bankruptcy Code. As to the second, Debtor concedes that normally a cause of action based on a breach of contract is considered to be non-core. However, the Debtor argues that several circuits, particularly the Second Circuit, have held that insurance policies are assets of the estate, and the determination of rights under the policies is essential to the administration of the estate, and consequently these actions are considered core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A). The Debtor maintains that this insurance claim is the main asset of the estate and that this is a breach of contract that is still occurring post-petition, thus this is a core proceeding under the holding of United States Lines, Inc. v. American Steamship Owners Mutual Protection an Indemnity Assoc., Inc. (In re United States Lines, Inc.), 197 F.3d 631 (2nd Cir. 1999). The Debtor argues that the third cause of action is non core related to, as it invokes art 1802 of the Civil Code of Puerto Rico. As to this third claim for relief the Debtor submits that the bankruptcy court need not abstain and it may submit its proposed findings of fact and conclusions of law to the district court.

Cooperativa denies that this is a core proceeding because in the absence of bankruptcy

- 3 -

these actions would have been brought before the Office of the Insurance Commissioner of Puerto Rico and/or the Superior Court of Puerto Rico, and suggests that the actions should be dismissed. As to the first cause of action Cooperativa argues that the Debtor did not comply with the terms and conditions of the insurance policy in its claims of loss and for that reason the claim cannot be matured and payable on demand, hence, the turnover action falters. They further state that it is an action based on state law arising before the bankruptcy was filed thereby being a non core matter according to the First Circuit case of In re Arnold Print Works, Inc., 815 F.2d 165 (1st Cir. 1987). As to the second cause of action Cooperativa alleges that because it would survive outside of bankruptcy, it is a non core matter. Cooperativa does not consent to this court hearing this matter. And in conclusion, Cooperativa submits that this court may choose to discretionally abstain from hearing this case for reasons of justice, comity with state courts or respect for state law, pursuant to 28 U.S.C. § 1334(c)(1), because the applicable law is state law and the Superior Court of Puerto Rico or the Office of the Insurance Commissioner will be a more appropriate forum to entertain and adjudicate the case.

**Discussion**

*Core and 'related' proceedings*

Federal courts have jurisdiction over bankruptcy cases pursuant 28 U.S.C. § 1334, which provides in subsection (a) that the district courts have original and exclusive jurisdiction over "cases under title 11" (such as the bankruptcy petition itself), and in subsection (b) that the district courts have original but not exclusive jurisdiction over "proceedings arising under title 11, or arising in, or related to cases under title 11". Pursuant to 28 U.S.C. § 157(a), the district courts may refer to the bankruptcy courts any or all cases and proceedings arising under title 11

- 4 -

or proceedings arising in or related to a case under title 11[2]. Cases under title 11 and "core proceedings" arising under or arising in cases under title 11 constitute the bankruptcy court's "core" jurisdiction. 28 U.S.C. § 157(b)(1); Concerto Software, Inc. v. Vitaquest International, Inc., 290 B.R. 448, 452 (D. Maine 2003). "[C]ore proceedings are integral to the core bankruptcy function of restructuring debtor-creditor rights." In re Arnold Print Works, Inc., 815 F.2d 165, 167 (1st Cir. 1987). Subsection 157(b)(2) sets forth a non-exhaustive list enumerating sixteen actions that constitute core proceedings which fall into five categories, to wit, 1) matters of administration, 2) avoidance actions, 3) matters concerning property of the estate, 4) omnibus categories and 5) cases filed under chapter 15 of the Bankruptcy Code. 1 Alan N. Resnick and Henry J. Sommer, Collier on Bankruptcy, ¶ 3.02[3] at 3-35 (15th Ed. Rev'd 03/2008).

The statute distinguishes between cases "arising under", "arising in" (core) and "related to" (non-core) proceedings under title 11, although it provides no definitions. " 'Arising under' proceedings have been interpreted as those cases in which the cause of action is created by title 11, as are a claim of exemptions under 11 U.S.C. § 522 and any action by a trustee under an avoiding power. In re Middlesex Power Equipment & Marine, Inc., 292 F.3d 61, 68 (1st Cir. 2002); 1-3 Collier on Bankruptcy ¶ 3.01[4][c][i]. " 'Arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." Middlesex, 292 F.3d at 68 (citation omitted). "Claims that 'arise in' a bankruptcy case are claims that by their nature, *not their particular factual circumstance,* could only arise in the context of a bankruptcy case." Marotta Gund Budd & Dzera LLC v. Costa, 340 BR 661, 666 (D.N.H. 2006)(citation omitted).

---

[2] As provided by L.Civ.R. 77.2, pursuant to 28 U.S.C. § 157(a) and the District Court's Resolution of July 19, 1984, the District Court of Puerto Rico has referred all cases and proceedings in bankruptcy to the Bankruptcy Court for the District of Puerto Rico.

'Related to' proceedings are "the broadest of the potential paths to bankruptcy jurisdiction." In re Seven Fields Development Corp., 505 F.3d 237, 257 (3rd Cir. 2007). "[B]ankruptcy courts ordinarily may exercise related to jurisdiction as long as the outcome of the litigation potentially could have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate." In re Boston Regional Medical Center, Inc., 410 F.3d 100, 105 (1st Cir. 2005); In re: G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991). If the determination of the case could have an effect on the bankruptcy estate, it is a related matter. Id. citing Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).

The determination of the bankruptcy court's "core" or "related to" jurisdiction is committed to the judgment of the court, and it shall not be affected solely because resolution of the proceeding may be affected by state law. 28 U.S.C. § 157(b)(3); In re: Arnold Print Works, Inc., 815 F.2d 165, 169 (1st Cir. 1987). If a bankruptcy judge chooses to hear a non-core proceeding, also referred to as a 'related' proceeding, the judge shall submit proposed findings of fact and conclusions of law to the district court, subject to de novo review by such court. 28 U.S.C. § 157(c)(1). However, a bankruptcy judge may enter final orders and judgments concerning 'related' matters if all parties to the proceeding have consented. 11 U.S.C.A. S 157(c)(2); In re: G.S.F. Corp., 938 F.2d 1467, 1477 (1st Cir. 1991).

These classifications and parameters were introduced by the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA") as a result of the landmark decision by the Supreme Court in the case of Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The Supreme Court held unconstitutional the grant of Article III judicial powers upon non-tenured Article I courts. Article I judges do not

- 6 -

have the constitutional power to enter final orders without the parties' consent in traditionally common law cases involving state-created private rights. As a result of this decision, the bankruptcy court may not enter a final determination in those cases that are classified as non-core related matters. The Marathon decision, however, has been given a narrow interpretation by subsequent Supreme Court opinions. In re: Arnold, 815 F.2d at 166, citing Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) and Commodity Futures Trading Com. v. Schor, 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986).

In Arnold the Court of Appeals for the First Circuit differentiates Marathon-type contract claims arising pre-petition from the ones arising post-petition. In Arnold the First Circuit stated that if the claim arises after the filing of the petition it involves a matter directly related to the administration of the estate; thus, it is a core matter upon which a bankruptcy judge has the power to enter final orders. On the other hand, if the claim arose before the filing of the petition it is only a related case and a bankruptcy judge is limited to submit proposed findings of fact and conclusions of law to the district court. "It should be clear that actions to collect prepetition accounts receivable are straightforward Marathon-type ['related'] contract actions and are, thus, not core proceedings. However, courts have used sections ... 157(b)(2)(E) (turnover) ... to obliterate Marathon. These cases ... should not be followed." 1 Collier on Bankruptcy ¶ 3.02[4].

There is 'related' jurisdiction in this case because the Debtor's claim on the policy is an asset of the estate, which includes all of the Debtor's legal or equitable interests in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). To the extent that any recovery on these claims will fund the plan and contribute to the Debtor's rehabilitation, such claims are related to the Debtor's case. To the extent that resolution of the Debtor's insurance claim could

conceivably have any effect on the estate or could alter the Debtor's rights, liabilities, options or freedom of action, this case falls within the court's "related to" jurisdiction. *See,* Pacor, Inc. v. Higgins, 743 F.2d at 994. Thus, Cooperativa's contention that this court is not a proper forum to hear this case is misplaced.

Nevertheless, the Debtor's insurance claim could have been brought and would have survived in the appropriate state forum, absent the bankruptcy case. In this case, the Debtor had property insurance and wants to recover for apparent losses allegedly covered by the insurance policy. Factually similar cases reveal that in situations where a debtor is making a pre-petition claim under a property insurance policy against an insurer that is contesting liability, such a claim is not a "turnover" action and does not support core proceeding jurisdiction. *See, e.g.,* In re R.I. Lithograph Corp., 60 B.R. 199 (Bkrtcy.D.R.I. 1986) (action by debtor against insurer to recover for losses under a property insurance policy was not a core proceeding where insurer contested liability); Matter of Pied Piper Casuals, Inc., 65 B.R. 780 (S.D.N.Y. 1986) (holding that a debtor's action for reimbursement under a theft insurance policy was not a core proceeding in a case where the insurer contested coverage, because the alleged debt was not a matured obligation payable on demand).

If the insurer is contesting liability, the debtor's action is not a 'turnover' proceeding and thus not core. "A turnover action can only be considered a core proceeding when the purpose of the proceeding is to obtain the turnover of property or the collection of a matured debt, rather than the creation, recognition, or liquidation of a debt. When a bona fide dispute exists as to liability involving state law, then the proceeding is not core." 2 Bankruptcy Desk Guide § 14:81 (2008). After all, "not every cause of action demanding money damages or payment of sums due under a contract should be construed as a turnover action... [A] debtor's suit against an insurer to

- 8 -

recover for losses covered under a policy is not a turnover proceeding where the insurer disputes liability." 9 Am. Jur. 2d Bankruptcy § 788 (2008) (citing Pied Piper & Lithograph Corp.) "[A]s long as there is some doubt as to the defendant's liability[,]" the action cannot be considered a turnover action. In re Mec Steel Bldgs, Inc., 136 B.R. 606, 610 (Bankr. D.P.R. 1992).[3]

The claims for relief raised in the amended complaint are non-core 'related' matters to the bankruptcy case. As discussed above, the first cause of action cannot be considered a 'turnover' action as it does not seek to collect a "matured, payable on demand, or payable on order" debt as required by 11 U.S.C. § 542. The second and third cause of action exist independently of the bankruptcy. They are ordinary, Marathon-type, pre-petition breach of contract actions. Therefore, this court is limited to submit its 'proposed findings of fact and conclusions of law' to the district court. 28 U.S.C. § 157 (c)(1).

*Abstention*

The discretionary abstention provision of 28 U.S.C. § 1334(c)(1) provides that the district court may abstain from hearing a particular proceeding "arising under title 11 or arising in or related to a case under title 11" if to do so would be "in the interest of justice, or in the interest of comity with State courts or respect for State law". *See* Middlesex, 292 F.3d at 69 (citation omitted). The Supreme Court in the case of Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940) reaffirmed the principle that the bankruptcy court had "an exclusive and nondelegable control over the administration of an estate" but "the proper exercise of that control may, where the interests of the estate and the parties will best be served, lead the

---

[3] Other insurance-related actions that did not involve disputed claims for reimbursement brought by a debtor against an insurer have nonetheless also been treated as non core proceedings. *See,* In re Baldwin-United Corp., 52 B.R. 541 (Bkrtcy.S.D.Ohio 1985) (declaratory action regarding debtor's right to indemnification not a core proceeding); In re Ramex International, Inc., 91 B.R. 313 (E.D.Pa. 1988) (declaratory action regarding coverage not a core proceeding).

- 9 -

bankruptcy court to consent to submission to state courts of particular controversies involving unsettled questions of state property law and arising in the course of bankruptcy administration." 309 U.S. at 483-484; 1 Collier on Bankruptcy ¶ 3.05[1]. In affirming the bankruptcy court's decision to abstain the First Circuit Court of Appeals in Middlesex, the First Circuit Court of Appeals observed that the bankruptcy court "took into account judicial economy and comity", "noted that the issues between the parties had already been fully litigated in the [state] court", stated that the party moving the court "essentially ask this court to review a final judgment of the state court" and commented on "'avoidance of forum shopping'". Middlesex, 292 F.3d at 69. "This discretionary abstention is intended to soften the tensions inherent in a system that contemplates parallel judicial processes." In re Texaco, 77 B.R. 433, 437-438 (Bankr. S.D.N.Y. 1987)(citation omitted). Cooperativa has failed to raise grounds warranting discretionary abstention from this proceeding. The only grounds raised by Cooperativa in favor of abstention is that state law must be applied, no reference to unsettled questions of state law is made. State law is applied in bankruptcy proceedings routinely, as in order to determine the nature and existence of property rights reference must made to state law. William Norton, Jr., Norton Bankruptcy Law and Practice 3d § 4:119 (Thomson Reuters/West 2008). Without more, discretionary abstention is not applicable in this case.

*Withdrawal of Reference*

Section 157(d) of the Judicial Code provides in part that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). In determining whether cause exists to withdraw reference of a case, courts have examined the following factors: judicial economy, whether withdrawal will promote uniformity of bankruptcy administration,

reduction of forum shopping and confusion, conservation of debtor and creditor resources, expedition of the bankruptcy process and whether jury trial has been requested.  Holland America Insurance Co v. Succession of Roy, 777 F.2d 992 at 999 (5th Cir. 1985) The analysis of judicial economy depends largely on whether the claims asserted are core or non-core; "it is upon this issue that questions of efficiency and uniformity will turn." In re Orion Pictures Corp, 4 F.3d 1101 (2d Cir. 1993).

### Conclusion

The claims for relief in the amended complaint are non core 'related' matters which may be heard by this court but may not be finally resolved by a bankruptcy judge. Therefore, cause exists under 11 U.S.C. § 157(d) for the  withdrawal of reference of these claims.  This court hereby recommends that reference be withdrawn in this adversary proceeding.  The Clerk of the Bankruptcy Court shall certify to the United States District Court for the District of Puerto Rico its recommendation for the withdrawal of reference of the present case.

SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of January, 2009.

ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge

- 11 -